IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FRANKLYN D. PRILLERMAN                                              PLAINTIFF

VS.                           4:17-CV-00370-BRW

JOHN HUGGINS, *et al.*                                              DEFENDANTS

## ORDER

Pending are Plaintiff's Motion for Equitable Tolling (Doc. No. 3) and Defendants' Motions to Dismiss (Doc. Nos. 11, 18). Responses have been filed.[1]

### I. BACKGROUND

On February 15, 2012, Plaintiff was sentenced to eight years probation on drug convictions.[2] On November 22, 2012, he was arrested on a "fugitive warrant" in Pennsylvania, and extradited to Arkansas. In late April 2013, Plaintiff was convicted of a parole violation, and he appealed the conviction on May 10, 2013.[3] According to Plaintiff, he was "granted parole from the Arkansas Department of Corrections . . . on or about August 20, 2013."[4] The parole-violation conviction was reversed on January 22, 2014.

Plaintiff filed his Complaint on June 5, 2017. He asserts that he "remained illegally in custody on parole for . . . 18 or 19 months without any legal jurisdiction" -- from January 14, 2014 until approximately July 20, 2015.[5]

---

[1] Doc. Nos. 20, 21, 23, 24.

[2] *Prillerman v. State of Arkansas*, 2014 Ark. App. 46 (2014).

[3] *Id.*

[4] Doc. No. 2.

[5] *Id.*

1

## II.    DISCUSSION

Plaintiff's claims are subject to a three-year statute of limitations.[6] That time-period began when the Arkansas Court of Appeals reversed the probation-violation conviction on January 22, 2014, which means he had until January 22, 2017 to file his § 1983 complaint based on the conviction reversal. Plaintiff acknowledges this fact, but asserts that equitable tolling applies.

First, Plaintiff contends that he "had no recollection of said appeal" until April 24, 2017, which is when he talked to his lawyer from the state-court conviction and was reminded that he "had agreed" to have his lawyer appeal the conviction.[7] Second, Plaintiff asserts that he had forgotten about the appeal because, at the time of the conviction, he was under an "unbearable amount of stress" related to his father dying, his significant other being diagnosed with cancer, and fall-out from the probation-violation conviction. Finally, Plaintiff argues that Defendants never provided him notice of the reversal, which "aided in hiding the injury."[8]

"Lack of knowledge of a cause of action does not stop the statute of limitations from running unless there has been fraud or concealment by the person invoking the defense of limitations or if the statute is otherwise tolled."[9] Based on this standard, Plaintiff's first and second excuses for delay fail. As for Plaintiff's third excuse, there are no allegations of fraud or concealment. In fact, the Arkansas Court of Appeals decision was filed in the public record. Plaintiff's argument that Defendants did not provide him notice is meritless because Plaintiff

---

[6]*Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir.1992).

[7]Doc. No. 24.

[8]*Id.*

[9]*Courtney v. First Nat. Bank of Eastern Arkansas*, 780 S.W.2d 536, 538 (Ark. 1989).

2

cannot establish that Defendants had a duty to provide him notice of the ruling. The undisputed facts are that Plaintiff was paroled on August 20, 2013 and was never again in Defendants' custody. The conviction was reversed five months later.

"Reasonable diligence is essential in the context of equitable tolling."[10] Plaintiff has failed to establish that he exercised reasonable diligence in pursing this claim. Simply claiming that he was distracted and had forgotten that an appeal was filed falls far below the reasonable-diligence standard.

Even if the statute of limitations did not apply, it appears to me that this case would be dismissed. While Plaintiff was incarcerated, there was a valid conviction for a probation violation -- he was paroled five months before that conviction was invalidated. Additionally, if Plaintiff is arguing that he spent excessive time on probation, the claim is without merit. The undisputed facts are that, in February 2012, he was sentenced to eight years probation. He was released from probation in July 2015, which was 4.5 years early.

## CONCLUSION

For the reasons set out above, Plaintiff's Motion for Equitable Tolling (Doc. No. 3) is DENIED and Defendants' Motions to Dismiss (Doc. Nos. 11, 18) are GRANTED. Accordingly, this case is DISMISSED.

IT IS SO ORDERED this 14th day of September, 2017.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[10]*Stacener v. Williams*, 137 S.W.3d 428, 432 (Ark. 2003).